The opinion of the Court was delivered by
Levy, J.
In their petition for a mandamus, the Relators, William Stevens, Charles Stevens and Wm. Taylor, residents of Plaquemines Parish, represent that, under a commitment from a Justice of the Peace of said Parish, they have been arrested and are held in custody and confinement on the charge of murder, alleged to have been committed by them on the 30th of November, 1881; that they are entitled to preliminary examination in order to show, if they can, that there is no reasonable ground for their detention and that they are entitled to he discharged or hailed; that, under Arts. 109 and 126 of the Constitution of the State of Louisiana, and also under Section No. 1010 of the Revised Statutes of said State, the District Judge of the District in which said capital crime is charged to have been committed, alone has jurisdiction to hold said preliminary examination and to discharge or hail Relators; that they have applied to the Hon. A. E. Livaudais, Judge of said 24th Judicial District Court for said Parish, to hold said preliminary examination, to inquire into the matters with which they are charged, and to hail or discharge them, if in such examination there he found no reasonable grounds for their detention; that said Judge has declined and refused to hold said examination. They allege that said Judge has sole jurisdiction to hold this examination for the purposes aforesaid, and his refusal to do so subjects them to confinement, without hearing, *53 until the next regular term of the. District Court for said Parish, on the 3d Monday of March, 1882; wherefore, they prayed for a writ of mandamus, ordering said Judge to hold said examination. It was ordered by this Court that the defendant comply with the prayer of the petition, or show cause to the contrary, on the 9th of December, 1881.
For answer, the Hon. District Judge averred, that the Relators are confined, as alleged by them, under a commitment issued by P. E. Derry, Justice of the Peace for 8th Ward of said Parish of Plaquemines, on the affidavit of the Coroner of said Parish, charging the crime as alleged.
• That the said Justice of the Peace, or any other Justice of the Peace of said Parish, has criminal jurisdiction mall cases, under Art. 126 of the Constitution of Louisiana, and that there is nothing in said article limiting or restricting their jurisdiction as examining and comgnitting magistrates, in all criminal cases; their power to bail or discharge alone being limited or restricted to certain cases; that holding “ preliminary examinations ” forms no part of the duties of a District Judge, under the Constitution and laws of the State; that See. 1010 of the Revised Statutes is not in force and has no application to the existing judicial system, and that to hold said examination would interfere with the term of his Court now being held in another Parish of his District. He further objects that this is an attempt to force upon Mm the duties of a committing magistrate, in a case upon the merits of which he will he called to sit and decide, with the aid of a jury, in the exercise of his original jurisdiction as District Judge.
Art. 109, of the Constitution of 1879, declares that the District Courts “ shall have unlimited original jurisdiction in all criminal matters.”
Art. 126 declares, that Justices of the Peace “ shall have criminal jurisdiction as committing magistrates, and shall have power to bail or discharge, in cases not capital or necessarily punishable at hard labor.”
The last article plainly expresses that the duties of committing magistrates fall under criminal jurisdiction, aud Article 109 confers “ unlimited criminal jurisdiction ” on the District Courts, thus comprising that feature within such unlimited jurisdiction.
We consider Section 1010 of the Revised Statutes of 1870, as being in force so far as the powers of the District Judges in criminal matters are concerned, and is, in those respects, unrepealed, not being inconsistent with the letter or spirit of the Constitution. Whatever other powers, as committing magistrates, may be conferred upon Justices of the Peace under the phrase, “ they shall have criminal jurisdiction in crimiilal cases,” it is plain -that, under the succeeding phrase, they have no power to bail or discharge in cases “ capital or necessarily *54 punishable at hard labor.” The sole object of a preliminary examination being' to determine whether a party shall be discharged, bailed or held in custody, it would be absurd to have such examination held before a Justice of the Peace, in cases in which those magistrates would have no- power to- determine those questions. Such could not have been-the intention of the Constitution, the proper construction of which accords -with pre-existing" laws, requiring" preliminary examinations, in such cases to be held before the District Judges, who have full power in the premises.
The objection urged, in regard to interference with a sitting- court., strikes us as merely an argument ab inconveniente, and is. entitled to no. serious weight in a case like this, especially as the Relators, themselves, ask that the examination may be held on a day to be fixed by the-Judge, »nd it is to be presumed that would be done within such reasonable delay as in the sound discretion of the Judge would be deemed proper.
The abjection that the Judge cannot be called upon to hold a preliminary examination in a case where he would have to sit and decide-on its final trial, is wholly untenable. Otherwise, for the same reason, Article 115 of the Constitution, which provides that, “the District Judges shall have power to issue writs of habeas corpus-, at the instance of all persons in.actual custody, iu their respective Districts,” would be inoperative.
It is therefore ordered, adjudged and decreed, that the alternative-mandamus issued herein be made peremptory, at costs of the-respondent.
Rehearing refused.